UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JULIAN OKEAYAINNEH, | Case No. 12-CV-2200 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| STAR TRIBUNE MEDIA COMPANY, LLC; DAVID CHANEN, publisher; and DAN BROWNING, publisher, | |
| Defendants. | |

---

Julian Okeayainneh, plaintiff pro se.

On October 31, 2012, Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R&R") recommending dismissal of this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  The parties had until November 14, 2012 to object to the R&R.  Having received no objection at that time, the Court adopted the R&R on November 16, 2012 [ECF No. 12] and entered judgment in this case [ECF No. 13].  Plaintiff Julian Okeayainneh now moves for the Court to reconsider that order and vacate the judgment.  ECF No. 15.

Okeayainneh's objection to the R&R was not received until November 19, 2012.  Ordinarily, an objection submitted after the filing deadline would be considered untimely.  But because Okeayainneh is a pro se inmate, the timeliness of his objection must be considered in light of the prison-mailbox rule established by the Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988).  *Houston* held that a pro se prisoner's notice of appeal is deemed filed on the day that it is delivered to prison officials for forwarding to the court.  *Id.* at 270.  The Eighth Circuit has not explicitly extended *Houston*'s prisoner-mailbox rule to filings other than notices

of appeal, but the court has implied that the rule should extend to a pro se prisoner's objection to an R&R. *Miller v. Benson*, 51 F.3d 166, 169 (8th Cir. 1995). Other circuits have held that the rule does indeed apply to the filing of an objection to an R&R. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989).

This Court agrees and finds that the prison-mailbox rule applies here. Okeayainneh's objection was due on November 14, 2012. His certificate of service reflects that his objection was deposited by Okeayainneh into the care of prison officials for delivery to the Court on November 9, 2012. *See* ECF No. 14-3. Thus, under the prison-mailbox rule, Okeayainneh's objection was timely filed.

As for the merits of Okeayainneh's objection: The R&R recommended that the case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Specifically, the R&R noted that Okeayainneh was ordered on September 17, 2012 to pay a partial filing fee of $20 within 20 days. The Court did not receive — and still has not received — that payment, and the R&R accordingly recommended that the case be dismissed without prejudice. In his objection, Okeayainneh submits evidence suggesting that the Court has not received the money because of the failure of prison staff to forward the fee from his prison account, despite his repeated requests. Although the documents submitted by Okeayainneh are not crystal clear, *see* ECF No. 14-1, they do appear to corroborate his objection. In light of the evidence submitted by Okeayainneh regarding his attempts to pay the fee, the Court will vacate its judgment [ECF No. 13] and previous order [ECF No. 12] in this matter. The Court emphasizes, however, that Okeayainneh is not excused from paying the filing fee in accordance with 28 U.S.C. § 1915(b)

going forward, and that failure to make payments towards the filing fee may still be grounds for dismissal of Okeayainneh's complaint in the future.

Finally, the Court notes that, contrary to Judge Mayeron's order of September 17, 2012 [ECF No. 6], Okeayainneh's complaint is not subject to 28 U.S.C. § 1915A, which requires screening of prisoner complaints seeking "redress from a governmental entity or officer or employee of a governmental entity." Okeayainneh's complaint is not directed at a governmental entity, officer, or employee, and thus § 1915A is inapposite. Okeayainneh's complaint may, however, be dismissed pursuant to 28 U.S.C. § 1915(e)(2) if the Court finds that the complaint fails to state a claim on which relief may be granted. Accordingly, this case is remanded for a determination of whether Okeayainneh's complaint states a valid claim for relief.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiff Julian Okeayainneh's motion to reconsider [ECF No. 15] is GRANTED.

2. The judgment entered on November 16, 2012 [ECF No. 13] is VACATED.

3. The order of November 16, 2012 [ECF No. 12] is VACATED.

4. The case is remanded to Magistrate Judge Janie S. Mayeron for further proceedings in light of this order.

Dated: December 5, 2012         s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge